## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **ROBERT RAYMOND WEISLER, III** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | Civil No. 1:09CV622 HSO-JMR |
| | § | |
| **LOUISIANA COMMERCE & TRADE** | § | **INTERVENOR PLAINTIFF** |
| **ASSOCIATION** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **UNITED STATES OF AMERICA,** | § | **DEFENDANTS** |
| **APPLIED GEO TECHNOLOGIES,** | § | |
| **& W.G. YATES & SONS CONSTRUCTION** | § | |

### CONSOLIDATED WITH

| | | |
|---|---|---|
| **MONET TEAGUE** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | Civil No. 1:09CV687 HSO-JMR |
| | § | |
| **UNITED STATES OF AMERICA,** | § | **DEFENDANTS** |
| **APPLIED GEO TECHNOLOGIES,** | § | |
| **& W.G. YATES & SONS CONSTRUCTION** | § | |

### MEMORANDUM OPINION AND ORDER DENYING
### W.G. YATES AND SONS' MOTIONS FOR SUMMARY JUDGMENT
### AND GRANTING PLAINTIFFS' MOTIONS FOR LEAVE TO FILE
### SECOND SUPPLEMENTAL AND AMENDING COMPLAINT

BEFORE THE COURT are identical Motions for Summary Judgment [28-1, 34-1] pursuant to FED. R. CIV. P. 56, filed August 12, 2010, by W.G. Yates and Sons Construction Company ["Yates"]. An Order consolidating these two cases was entered on August 26, 2010 [39-1]. Thereafter, Plaintiffs filed a collective Response on October 6, 2010 [46-1], and Yates filed a Rebuttal on October 13, 2010 [47-1]. After due consideration of the Motions, the pleadings on file, the record, and the relevant law, it

is the opinion of the Court that the Motions for Summary Judgment filed by Yates should be denied, as there are disputed issues of material fact as to Yates' status and involvement with respect to this matter.   The Court further finds that Plaintiffs' Motion for Leave to File Second Supplemental and Amending Complaint should be granted.

## I. FACTS AND PROCEDURAL HISTORY

In October 2008, Robert Weisler, III and Monet Teague were employed as security guards at the National Aeronautic Space Administration ["NASA"] Facility near Stennis, Mississippi.   On or about October 28, 2008, Weisler, while exiting the Government Printing Office building and walking to the parking lot, slipped and fell on a walkway.   On or about December 15, 2008, Teague, while exiting the same Government Printing Office building and walking to the same parking lot, slipped and fell on a walkway.

Weisler filed his Complaint in this Court on August 13, 2009, and Teague filed her Complaint on September 29, 2009.   Both Plaintiffs filed Amended Complaints against the United States of America, Applied Geo Technologies, Inc., and W.G. Yates and Sons Construction Company, on June 17, 2010 [10-1, 21-1].   Plaintiffs allege that they were injured due to Defendants' negligence.   Specifically, Plaintiffs contend that Yates was negligent in performing work on the walkway adjacent to Building 9010, the Government Printing Office.

After conducting limited discovery relating to the pending Motions for Summary Judgment,[1] Plaintiffs filed Motions for leave to file a Second Supplemental and Amending Complaint [49-1, 50-1], on October 28, 2010.  Plaintiffs seek to add Whitesell-Green, Inc., Whitesell-Green, Inc./W.G. Yates and Sons, a joint venture, and Class A Painting, LLC, as Defendants.  Yates filed a Response objecting to Plaintiffs' Motions on November 11, 2010 [54-1].

## II. DISCUSSION

A.    Yates' Motions for Summary Judgment

1. Applicable Legal Standard

Rule 56(c) of the Federal Rules of Civil Procedure states that the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56.  The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Meyers v. M/V Eugenio C.*, 842 F.2d 815, 816 (5th Cir. 1988).

To rebut a properly supported motion for summary judgment, the opposing party must present significant probative evidence, since there is no issue for trial unless

---

[1] On September 3, 2010, the Court granted Plaintiffs leave to conduct limited discovery, specifically to notice and complete the deposition of Stanley Weilgosz, III.

there is sufficient evidence favoring the nonmoving party for a jury to return a verdict

for that party. *Booth v. Wal-Mart*, 75 F. Supp. 2d 541, 543 (S.D. Miss. 1999).  If the

evidence is merely colorable, or is not significantly probative, summary judgment is

appropriate.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).   The

nonmovant may not rely on mere denials of material facts, nor on unsworn allegations

in the pleadings or arguments and assertions in briefs or legal memoranda. *Booth,* 75

F. Supp. 2d at 543.

    2. <u>Analysis</u>

    In support of its Motions, Yates attaches the affidavit of Stanley Wielgosz, III,

which states in pertinent part that:

> . . . Contract Number W91278-07-D-0041, which was a renovation project
> at the Stennis Space Center as described therein.  This project was not
> awarded to W.G. Yates & Sons Construction Company but, rather, was
> awarded to the joint venture of Whitesell-Green, Inc. and W.G. Yates &
> Sons Construction Company.

Aff. of Stanley Wielgosz, III, at p. 2, att. as Ex. "1" to Mot. for Summ. J.

    Plaintiffs rely on the deposition testimony of Mr. Wielgosz, which in part

indicates that the project in question, which included work on the walkway, was

awarded to the joint venture of Whitesell-Green and Yates.  Mr. Wielgosz testified that

while "Yates did not perform any of the walkway work, there were subcontractors

working for Whitesell-Green/Yates JV."  Dep. of Stanley Wielgosz, III, at p. 17, att. as

Ex. "2" to Resp. to Mot. for Summ. J.    In addition, Plaintiffs submit that one of the

subcontractors which performed work at the site at issue addressed and submitted its

proposal to Yates Construction, and not the joint venture. *See* Class A Painting, LLC Proposal, att. as Ex. "3" to Resp. to Mot. for Summ. J.

A reading of the record before the Court demonstrates that there remain fact questions with regard to Yates' involvement in the Stennis project. Wielgosz had no knowledge of the following: 1) whether a Florida bank account was opened for the joint venture; 2) the amounts of working capital contributed by Yates and Whitesell-Green; and 3) whether the joint venture filed a corporate or partnership tax return. Dep. of Stanley Wielgosz, III, att. as Ex. "2" to Resp. to Mot. for Summ. J., at pp. 15, 17, 26.

Under Mississippi law, specifically the Uniform Partnership Act of 1997, Miss. Code Ann. § 79-13-1205:

> [a] joint venture is a single-purpose partnership. *Duggins v. Guardianship of Washington,* 632 So.2d 420, 427 (Miss.1993). . . . Under the Act, a joint venture is liable for any penalty incurred as the result of a wrongful act or omission, or other actionable conduct, of a joint venturer acting in the ordinary course of business of the joint venture. Miss. Code Ann. § 79-13-305 (Rev.2009). In the absence of an agreement with the claimant or as otherwise provided by law, all co-venturers are jointly and severally liable for joint-venture obligations. Miss. Code Ann. § 79-13-306(b) (Rev.2009).

*Barrett v. Jones, Funderburg, Sessums, Peterson & Lee, LLC* 27 So. 3d 363, 372 (Miss. 2009).

Because there are questions of fact surrounding Yates' role as part of a named and existing joint venture, and its activities at the site, the instant Motions for Summary Judgment must be denied.

B.    <u>Plaintiffs' Motions for Leave to File Second Supplemental and Amending</u>
<u>Complaint</u>

After conducting limited discovery to assist with preparing their Response to

Yates' Motions for Summary Judgment, Plaintiffs filed Motions for Leave to file a

Second Supplemental and Amending Complaint.   Plaintiffs seek to add Whitesell-

Green, Inc., Whitesell-Green, Inc./W.G. Yates and Sons, a joint venture, and Class A

Painting, LLC, as Defendants.   The Court, having considered the instant Motion, the

pleadings on file, and relevant legal authorities, finds that pursuant to FED. R. CIV. P.

15 (a)(2), Plaintiffs should be granted leave to amend their Complaint, and that the

requirements of FED. R. CIV. P.  15 (c)(1)[2] regarding relation back of amendments have

been satisfied.

---

[2] **(c) Relation Back of Amendments**
    (1) ***When an Amendment Relates Back.*** An amendment to a pleading relates  back
    to the date of the original pleading when:

        **(A)** the law that provides the applicable statute of limitations allows
        relation back;

        **(B)** the amendment asserts a claim or defense that arose out of the conduct,
        transaction, or occurrence set out--or attempted to be set out--in the original
        pleading; or

        **(C)** the amendment changes the party or the naming of the party against whom
        a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period
        provided by Rule 4(m) for serving the summons and complaint, the party to be
        brought in by amendment:

        **(I)** received such notice of the action that it will not be prejudiced in defending
        on the merits; and

        **(ii)** knew or should have known that the action would have been brought against
        it, but for a mistake concerning the proper party's identity.

FED. R. CIV. P.  15 (c)(1).

- 6 -

III. <u>CONCLUSION</u>

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated more fully herein, the Motions [28-1, 34-1] of Defendant Yates for Summary Judgment filed on August 12, 2010, pursuant to FED. R. CIV. P. 56, should be and hereby are **DENIED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiffs' Motions for Leave to file Second Supplemental and Amending Complaint [49-1, 50-1] filed on October 28, 2010, should be and hereby are **GRANTED.**  Plaintiffs shall file their Second Amended Complaint on or before January 14, 2010.

**SO ORDERED AND ADJUDGED**, this the 11th day of January, 2011.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

- 7 -